UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNY WORTHEN,

                           Plaintiff,           **ELECTRONICALLY FILED**

  -against-                                Civil Case No.:  7:07 Civ. 3381
                                                                 CLB/GAY

CARPENTER & SMITH, INC.,

                           Defendant.

**ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT**

      As and for its Answer to Plaintiff's September 5, 2007 Amended Complaint in the above-captioned action, Defendant, Carpenter & Smith, Inc. (hereinafter "CSI"), by and through its counsel, Girvin & Ferlazzo, P.C., responds as follows:

      1.     Denies all allegations, statements, and inferences contained in paragraph "1" of the Complaint herein.

      2.     As to the allegations contained in paragraph "2" of the Complaint herein: admits that Plaintiff Kenny Worthen is a black male and represented himself as such when he was hired by CSI; and denies all remaining allegations, statements, and inferences contained therein.

      3.     As to the allegations contained in paragraph "3" of the Complaint herein: admits that CSI is a duly formed corporation which maintains an office and operations center based in Monroe, New York; refers all questions of law raised therein to the Court; and denies all remaining allegations, statements, and inferences contained therein.

4. As to the allegations contained in paragraph "4" of the Complaint herein: admits Plaintiff purports to invoke this Court's jurisdiction; refers all questions of law raised therein to the Court; and denies all remaining factual allegations, statements and inferences contained therein.

5. As to the allegations contained in paragraph "5" of the Complaint herein: denies knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained therein.

6. As to the allegations contained in paragraph "6" of the Complaint herein: admits Plaintiff purports to invoke this Court's jurisdiction; refers all questions of law raised therein to the Court; and denies all factual allegations, statements and inferences contained therein.

7. As to the allegations contained in paragraph "7" of the Complaint herein: admits that Plaintiff began his employment with CSI in August 2006; admits that Plaintiff's job duties included the delivery of oil to CSI's customers; admits that another African-American individual was employed by CSI during the time Plaintiff was employed by CSI; and denies all remaining factual allegations, statements, and inferences contained therein.

8. Denies all allegations, statements, and inferences contained in paragraph "8" of the Complaint herein.

9. Denies all allegations, statements, and inferences contained in paragraph "9" of the Complaint herein.

10. Denies all allegations, statements, and inferences contained in paragraph "10" of the Complaint herein.

11. Denies all allegations, statements, and inferences contained in paragraph "11" of the Complaint herein.

12. Denies all allegations, statements, and inferences contained in paragraph "12" of the Complaint herein.

13. Denies all allegations, statements, and inferences contained in paragraph "13" of the Complaint herein.

14. Denies all allegations, statements, and inferences contained in paragraph "14" of the Complaint herein.

15. Denies all allegations, statements, and inferences contained in paragraph "15" of the Complaint herein.

16. Denies all allegations, statements, and inferences contained in paragraph "16" of the Complaint herein.

17. Denies all allegations, statements, and inferences contained in paragraph "17" of the Complaint herein.

18. Denies all allegations, statements, and inferences contained in paragraph "18" of the Complaint herein.

19. Denies all allegations, statements, and inferences contained in paragraph "19" of the Complaint herein.

20. Denies all allegations, statements, and inferences contained in paragraph "20" of the Complaint herein.

21. Denies all allegations, statements, and inferences contained in paragraph "21" of the Complaint herein.

22. Denies all allegations, statements, and inferences contained in paragraph "22" of the Complaint herein.

23. As to the allegations contained in or incorporated into paragraph "23" of the Complaint herein, Defendant incorporates by reference their responses to paragraph "1" through "22" of the Complaint.

24. Denies all allegations, statements, and inferences contained in paragraph "24" of the Complaint herein.

25. Denies all allegations, statements, and inferences contained in paragraph "25" of the Complaint herein.

26. Denies all allegations, claims, statements, prayers for relief, and inferences contained in the "WHEREFORE paragraph" of the Complaint herein, including subparagraphs "a" through "f" thereunder.

27. Denies any and all other allegations, statements, and inferences contained in the Complaint herein, which are not specifically addressed by the foregoing paragraphs.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

28. Some or all of the allegations contained in the Complaint herein fail to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

29. Plaintiff's claims are barred in whole or in part by his failure to satisfy conditions precedent to commencing the instant action and/or his failure to exhaust administrative remedies.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

30. Defendant has not deprived Plaintiff of any rights, privileges, or immunities secured under the Constitution or the Laws of the United States.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

31. Defendant did not possess actual or constructive knowledge of the alleged racially hostile environment Plaintiff alleges he was subjected to.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

32. Defendant did not possess actual or constructive knowledge of any unlawful harassment or discrimination directed toward Plaintiff.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

33. Plaintiff was not subjected to any adverse employment action by Defendant.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

34. This Court lacks subject matter jurisdiction over Plaintiff's purported claims and/or Plaintiff is precluded from commencing this action based upon his forum selection, including but not limited to the Equal Employment Opportunity Commission and New York State Division of Human Rights.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

35. Some or all of the claims asserted by Plaintiff are barred by virtue of his failure to mitigate his damages, if any.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

36. To the extent that Plaintiff is entitled to any relief, which Defendant denies, such relief must be reduced and/or limited by the After-Acquired Evidence Doctrine.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

37. Plaintiff's claims of harassment are barred by his unreasonable failure to utilize internal complaint procedures available to him.

**WHEREFORE,** Defendant requests that the Complaint be dismissed and for such other and further relief in Defendant's favor as the Court deems appropriate.

DATED:      October 5, 2007

                                  GIRVIN & FERLAZZO, P.C.

                                  By:  /S/   Gregg T. Johnson
                                      Gregg T. Johnson
                                      Bar Roll No.:  (GJ3348)
                                      Jacinda H. Conboy (JH2826)
                                Attorneys for Defendant
                                Office and P.O. Address
                                20 Corporate Woods Blvd.
                                Albany, New York 12211
                                Tel:    518-462-0300
                                Fax:   518-462-5037
                                Email: gtj@girvinlaw.com
                                           jhc@girvinlaw.com

TO:    Stephen Bergstein
          Bar Roll No.:  SB6810
          BERGSTEIN & ULLRICH, LLP
          Attorneys for Plaintiff
          15 Railroad Avenue
          Chester, New York   10918
          Tel:    845-469-1277
          Fax:   845-469-5904
          Email: steve@tbulaw.com